UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHANE JONES,<br><br>                Plaintiff,<br><br>        v.<br><br>MIKE DAVIS, and FRED DOUGLAS,<br><br>                Defendants. | CASE NO. C11-5250BHS<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT AN AMENDED COMPLAINT OR SHOW CAUSE WHY MATTER SHOULD NOT BE SUMMARILY DISMISSED |

The Court, having reviewed plaintiff's application for IFP, complaint, and the balance of the record contained herein, does hereby find the following:

(1) Plaintiff filed a previous action alleging substantially the same claims. (See 09-cv-5186FDB). Here, as in his prior action, plaintiff raises issues regarding a 2008 arrest and conviction involving Gig Harbor Police Officers. Plaintiff alleges that the officers did not follow policies and procedures and that this resulted in an eighteen-month prison term. He does not show that his conviction or sentence were overturned or expunged (ECF No. 1, proposed complaint.) He asks for one million dollars in damages.

(2) Plaintiff's complaint appears to call into question the validity of his confinement in prison. In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the

1  conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of

2  habeas corpus."  Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994).  The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 2374.

It appears Plaintiff's claims necessarily call into question the legality of his prior confinement in the Pierce County Jail and then in prison.  Based on the above alleged facts, Plaintiff's should have first raised these claims in a petition for writ of habeas corpus, not a § 1983 civil rights claim for money damages.  Significantly, Plaintiff has not shown that he has previously successfully challenged the decision to keep him in custody and that that decision violates his constitutional rights in the context of his conviction and sentence.  Thus, it appears a § 1983 claim for monetary damages is premature.

This court advised plaintiff of these same issues when he raised substantially the same claims in the prior action.  See 09-CV-0156FPB, No. 6, Order to Amend Complaint or Show Cause.  Because this is a second and successive claim, involving the same defective pleadings, this complaint is frivolous.

A complaint is frivolous when it has no arguable basis in law or fact.  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an in forma pauperis complaint before service of process under 28 U.S.C. § 1915(d).  Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (citing Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

1    Unless plaintiff can provide an amended complaint that addresses the issues raised in this order,

2    this case should be dismissed as frivolous.

3         (3)    As an independent basis for dismissal, plaintiff has failed to describe how each

4    defendant was personally involved in the alleged deprivations.  In order to state a claim under 42

5    U.S.C. § 1983, a complaint must allege facts showing how individually named defendants

6    caused or personally participated in causing the harm alleged in the complaint.  <u>Arnold v. IBM</u>,

7    637 F.2d 1350, 1355 (9th Cir. 1981).  Plaintiff's complaint does not show that any of the

8    individuals named as defendants personally participated in the alleged civil rights violations.

9    Also, a defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory

10   responsibility or position.  <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694

11   n.58 (1978).  A theory of respondeat superior is not sufficient to state a § 1983 claim.  <u>Padway v.

12   Palches</u>, 665 F.2d 965 (9th Cir. 1982). These deficiencies, as well, must also be addressed in the

13   amended complaint, or the complaint should be dismissed.

14        (4)    Due to the deficiencies described above, Plaintiff shall file an amended complaint,

15   curing, if possible, the above noted deficiencies, or show cause why this matter should not be

16   dismissed by no later than **May 13, 2011**.  If an amended complaint is not timely filed or if

17   plaintiff fails to adequately respond, the Court will recommend dismissal of this action as

18   frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28

19   U.S.C. § 1915(e) (2) and (g).

20        (5)    The Clerk is directed to send Plaintiff a copy of this Order.

21        DATED this 11th day of April, 2011.

J. Richard Creatura
United States Magistrate Judge

ORDER - 3