UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANE JONES,

                Plaintiff,

v.

MIKE DAVIS et al.

                Defendants.

CASE NO. 3:11-cv-05250-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: SEPTEMBER 23, 2011

This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. The court granted plaintiff in forma pauperis status and ordered him to show cause why this action should not be dismissed on April 4, 2011 (ECF No. 4 and 5). Plaintiff has received a number of extensions of time, but, he has not responded to the court's order. The court recommends that this action be dismissed with prejudice because plaintiff cannot challenge the legality of his current conviction in a civil rights action. The dismissal is with prejudice as plaintiff is repeatedly raising the same claims in different actions.

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has

fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 489 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. Plaintiff's claims call into question the legality of his prior confinement in the Pierce County Jail and then in prison (ECF No. 4). Plaintiff's should have first raised these claims in a petition for writ of habeas corpus, not a 42 U.S.C.§ 1983 civil rights action claiming money damages. This court advised plaintiff of these same issues when he raised substantially the same claims in the prior action. See 09-CV-0156FPB, ECF No. 6, Order to Amend Complaint or Show Cause. Because this is a second and successive case, involving the same defective pleadings, this complaint is frivolous.

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an in forma pauperis complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (citing Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). The Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

purposes of de novo review by the district judge.  <u>See</u>, 28 U.S.C. § 636(b)(1)(C).
Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 23, 2011, as noted in the caption.

    Dated this 25th day of August, 2011.

                                              J. Richard Creatura
                                              United States Magistrate Judge